Judge McMahon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X

NAYQUAN MENZIES,

        Plaintiff,

  -against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE DETECTIVE ERRIO PAUL, Shield
No. 3742; JOHN DOES; RICHARD ROES,

        Defendants.
- - - - - - - - - - - - - - - - - - - -X

12 CV 6309

COMPLAINT

Plaintiff Demands
Trial By Jury



## PRELIMINARY STATEMENT

1.   This is a civil action in which the plaintiff, NAYQUAN MENZIES, seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a timely Notice of Claim with the

Comptroller of the City of New York on May 26, 2011, within 90 days of the incidents complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff was at all times relevant herein a resident of the State of New York, County of Queens.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants ERRIO PAUL, Shield No. 3742, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants ERRIO PAUL and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants ERRIO PAUL and JOHN DOES are sued individually.

10. Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants RICHARD ROES are and were at all times relevant herein acting under color of state law in the course

4

and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11. On May 21, 2011, approximately 10:30 or 11:00 p.m., Plaintiff and a number of members of his family were at their home in Jamaica, Queens when a number of individuals, both male and female, came to pick a fight with Plaintiff's sister.

12. These individuals were acting in and aggressive and threatening manner.

13. Plaintiff's mother called 911 because she was concerned that some of these individuals had guns.

14. Approximately 2 or 3 plainclothes JOHN DOES Detectives and / or Officers in an unmarked police car arrived at the scene.

15. Two of the male individuals who had come to Plaintiff's home ran away from the police, one of a motor scooter, and one on foot.

16. These initial 2 or 3 plainclothes JOHN DOES Detectives and / or Officers caught one of the men that fled.

17. Marked police cars with numerous other JOHN DOES Detectives and / or Officers arrived at the scene.

18. Plaintiff and members of his family walked over to tell the officers about the other male who had run away, and to identify the male who the police had caught.

19. At some point, Plaintiff's sister and one of the female individuals who had come to Plaintiff's house began fighting.

20. When Plaintiff attempted to identify for the police the male individual they had caught (who was also involved in the affray between Plaintiff's sister and one of the female individuals who had come to Plaintiff's house) a number of uniformed JOHN DOES Detectives and / or Officers pointed their guns at Plaintiff.

21. Plaintiff tried to explain that he was not one of the people the police had come to the scene about.

22. A number of JOHN DOES grabbed Plaintiff, and threw him on the ground, without cause or justification.

23. A JOHN DOE hit Plaintiff in his face with a hard object with great force, without cause or justification.

24. Plaintiff was then handcuffed by the JOHN DOES Detectives and / or Officers.

25. While Plaintiff was rear-handcuffed and on the ground, a JOHN DOE Detective or Officer (who was white, with brownish hair, approximately 5'11" tall, and with an average build) kicked Plaintiff in the face and in the head with great force, without

cause or justification.

26. Plaintiff never resisted the police in any way.

27. Plaintiff never touched any of the police officers at the scene, nor did he touch anyone else who was at the scene, nor did Plaintiff interfere with the police on the scene, in any way.

28. The JOHN DOES left Plaintiff on the ground, rear-cuffed, for approximately 15 minutes.

29. When Plaintiff complained of pain to his eye, JOHN DOES told him to shut up.

30. After some time, an ambulance was called to the scene to attend to Plaintiff's injuries.

31. Plaintiff was taken, handcuffed, to Jamaica hospital, where he received treatment and was held until approximately 4:30 a.m.

32. From Jamaica Hospital Plaintiff was taken to the NYPD 103rd Precinct.

33. When Plaintiff was taken from Jamaica Hospital, JOHN DOES Detective and / or Officers handcuffed him with especial tightness.

34. Plaintiff complained about the painful tightness of the handcuffs, but the JOHN DOES refused to loosen them.

35. After being held for some hours at the 103rd Precinct, Plaintiff was taken to Queens Central Booking.

36. Plaintiff was released from Central Booking at approximately 5:30 or 6:00 p.m. on May 22, 2011.

37. All charges against Plaintiff have been dismissed in their entirety pursuant to an Adjournment in Contemplation of Dismissal.

38. The JOHN DOES Detectives and / or Officers also arrested and held Plaintiff's father (who, like Plaintiff, had not interfered with them or resisted them in any way) in a police car for approximately 25 minutes, and issued him a summons for disorderly conduct.

39. The JOHN DOES Detectives and / or Officers also attempted to prevent Plaintiff's father from taking photographs of Plaintiff's injuries, and grabbed Plaintiff's father's phone and deleted photographs of Plaintiff's injuries that he had taken from the phone.

### FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

40. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

41. By their conduct and actions in falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, abusing process against plaintiff, trespassing upon plaintiff, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, fabricating an account

and/or evidence (and preventing the taking of photographs / video footage, and destroying photographic / videographic evidence) concerning the arrest of plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants PAUL, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, and Fourteenth amendments.

42. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

<u>SECOND CLAIM</u>

**DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

43. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

9

44. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

45. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

#### LIABILITY OF DEFENDANT THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

46. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

47. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

48. At all times material to this complaint, defendant THE

CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

49. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the use of excessive force by members of the NYPD, and the violation of and/or retaliation for individuals' documentation of the misconduct of members of the NYPD, including the taking of photographs and video of police misconduct. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

50. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies,

practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

51. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

52. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

53. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of

respondeat superior.

54. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

55. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

56. By the actions described above, defendants did inflict assault and battery upon the plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

58. The plaintiff incorporates by reference the

allegations set forth in all previous Paragraphs as if fully set forth herein.

59. By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

61. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62. By the actions described above, defendants violated plaintiff's rights to equal protection of law. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory

and common law rights as guaranteed by the laws and Constitution of the State of New York.

63. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### EIGHTH CLAIM

**INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

64. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65. By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### NEGLIGENCE

67. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

68. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

70. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

71. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate

cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### CONSTITUTIONAL TORT

73. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

74. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

75. A damages remedy here is necessary to effectuate the purposes of §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

76. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

17

## TWELFTH CLAIM

### ABUSE OF PROCESS

77. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

78. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

79. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

      a.   Compensatory damages;

      b.   Punitive damages;

      c.   The convening and empaneling of a jury to consider the merits of the claims herein;

      d.   Costs and interest and attorney's fees;

      e.   Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
           August 17, 2012

                                      JEFFREY A. ROTHMAN, Esq.
                                      315 Broadway, Suite 200
                                      New York, New York 10007
                                      (212) 227-2980
                                      Attorney for Plaintiff